## In re MARTOCELLO.
### Patent Appeal No. 2294.

Court of Customs and Patent Appeals.
April 10, 1930.

William Steell Jackson, of Philadelphia, Pa., for appellant.

T. A. Hostetler, of Washington, D. C., for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

The alleged invention of applicant "relates to the air system of an ice plant and more particularly to the system of connections between the laterals and the air tubes that dip into ice cans, and to the location of the tubes."

Six claims are involved in the appeal, Nos. 1, 8, 9, 12, 13, and 14, respectively; the latter being a process claim. They were rejected by the Examiner, and, upon appeal to the Board, his rejection was sustained, whereupon the matter was brought before this court.

Appellant claims to have devised a more efficient means than had previously existed for preventing the entrance into the raw water, contained in the cans used in manufacturing ice, of the dust and foreign particles carried in the air which is inducted through tubes into the can for the purpose of agitating the water while it is in process of freezing, and involves the arrangement of the air-supply lines and cans for efficient handling.

It seems that in the manufacture of ice air is forced, under slight pressure, through hollow pipes known as laterals. These laterals are arranged apparently slightly above the sides of the cans in which the cakes are frozen, the cans being in series and inserted in receptacles or compartments that contain brine. Tubes are inducted into these laterals at regular spaces and project downward into the cans of water. These tubes have small apertures in their sides. The air, passing through the lateral, is diverted into the tube, and, passing out through the small apertures mentioned, effects the agitation of the water in the cans. This agitation appears to be necessary in order to force the atmosphere which is inherent in the raw water out of same so as to prevent cloudiness in the ice and assure satisfactory freezing of the cake which constitutes the finished product.

From the drawings it appears that the tubes do not extend directly downward in a perpendicular line from the point where they are connected with the lateral, but there is a tee-shaped hollow member having a threaded projecting part in its middle portion which screws into the lateral, and each end of the horizontal portion of the tee-shaped member is so made as that a hollow flexible member is inserted into it, and this flexible member extends outwardly and downwardly, and at its other end is attached to the tube. The air thus passes from the lateral through the hollow tee-shaped member and the hollow flexible member into the tubes proper extending downward into the water in the can.

It is, of course, desirable to eliminate from the air supplied for agitation all dust and foreign matter possible, and appellant's claim is that his device accomplishes this more effectively than has heretofore been done.

Appellant's claims 1 and 13 seem to cover this feature of his alleged invention. They read as follows:

"1. In an air system for an ice plant, an air supply pipe, a tap therefrom extending into the pipe approximately to the middle thereof, a can, an air tube extending down into the can, a flexible tube connected with said tap and a plug in the flexible connection fitting the air tube and having a reducing section in the upper end of the plug."

"13. In an air system for an ice plant, an air supply pipe, a tap therefrom extending into the pipe approximately to the middle thereof and presenting an opening perpendicular to the axis of the pipe, a can, an air tube extending down into the can, and connections from the tap to the tube."

The references cited in the rejection are: Frazier, 747405, December 22, 1903; McCormick, 1077484, November 4, 1913; Taby et al., 1137551, April 27, 1915; Molesta, 1177884, April 4, 1916; Williams, 1194108, August 8, 1916; Shipley, 1331283, February 17, 1920; Luhr, 1537646, May 12, 1925.

The patent to Shipley shows an elbow member attached to the upper end of the tube, and connected with a tee-fitting by a flexible element. The passage through the elbow member is restricted by a wire. The tee-fitting is threaded into the lateral or main air-supply line, and apparently is so inserted into this line as not to extend upwardly into the line, but is flush with the lower inside rim of the lateral pipe.

That portion of the patent to McCormick, claimed to be pertinent as a reference against appellant's device, consists of a tee-fitting which is threaded into the main air-supply line and the part entering this line is so adjusted that it extends almost to the upper inside rim of the lateral.

The patent to Williams shows a device designed to take air from the main supply line, and an element thereof is so adjusted that it is about the center of the lateral. This element, however, consists of a small hollow pipe which runs horizontally—that is, parallel with the lateral—so that the air must first enter it, and then deflects downward from it at a right angle.

Some of the other patents disclose somewhat similar features.

These patents, it seems to us, constitute a clear anticipation of appellant's claims upon this feature of the application. It is argued that it is a well-known law of physics that, when a current of air is flowing through a pipe, the center of the current is more rapid than that about the rim; that dust and other foreign particles in the air being affected by gravity will tend to drop to lower strata or enter into the slower moving portion of the current, and therefore, if the air for agitation is drawn from the center of the current flowing through the lateral, as provided in appellant's device, it will have less of foreign matter than would be contained in that drawn from the bottom as by Shipley or the top as by McCormick. Even if this idea constituted patentable invention over the disclosures of Shipley and McCormick, which we do not think would be true, it is anticipated by Williams, whose device does draw from the center, and we do not think eliminating the small horizontal pipe of Williams and thus forcing the air immediately from the lateral down into the connecting element constitutes patentable invention.

Claim 14 is a process claim which does no more than state the function of the features of claims 1 and 13. We think that it also was properly rejected.

Claim 8, as considered by the Board, reads as follows:

"In an air system for an ice plant, a block of ice cans, means securing them rigidly together to operate as a unit, an air lateral rigid with the block for supplying air to the individual cans, an air header and a joint between the header and lateral containing an automatic valve, in use permitting flow from the header but when the joint is disconnected protecting the header from air leakage."

Nos. 9 and 12 embrace the subject-matter of No. 8 plus the "feature of an automatic valve between one end of the air lateral and the opening member of a second block of cans."

In the opinion of the Board it is said:

"Claim 8 is directed to the air supply mechanism of a block of ice cans and is limited although rather broadly to an automatic valve located between an air header and an air lateral rigid with the block of ice cans. The claim is met by the Luhr patent except for the fact that the valve 63 between the air header and the air lateral is manually operated instead of automatic. The Taby et al. patent shows an automatic valve in a generally similar relation and we think it would be uninventive to substitute for the valve 63 of Luhr an automatic valve in view of the teachings of the Taby et al. patent. The valve of the Taby et al. patent as a teaching reference is not destroyed by the fact that the automatic valve is not located at the same point in the system as is the value 63 of Luhr.

"Claims 9 and 12 may be considered together. They are directed to the subject member of claim 8 with the added feature of an automatic valve between one end of the air lateral and the operating member of a second block of cans. In our opinion, this involves no invention over the combination of references cited against claim 8. To add to the system of the Luhr patent a connection between one block of cans and a second block including an automatic valve seems obvious and within the teachings of the Taby et al. patent."

We are unable to see wherein the Board erred in so holding. At most, appellant's claims embrace only a combination of features taken from the prior patents. It is true these are modified to an extent, but it does not seem to us that these modifications amount to patentable invention. In re Vissering, 58 App. D. C. 398, 24 F.(2d) 1013,

and In re Smith, 57 App. D. C. 204, 19 F. (2d) 678, are authorities in point.

The decision of the Board is affirmed.